| United States Bankruptcy Court<br>**DISTRICT OF DELAWARE** | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>RathGibson, Inc. | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>N/A |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>Mid-South Control Line, Inc.<br>Gibson Tube, Inc.<br>Rath Manufacturing Co., Inc. | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>N/A |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all):<br>22-3683283 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all):<br>N/A |
| Street Address of Debtor (No. and Street, City, and State):<br>2505 Foster Avenue<br>Janesville, Wisconsin    ZIP CODE 53547 | Street Address of Joint Debtor (No. and Street, City, and State):<br>N/A    ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>Rock County | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>75 Half Day Road,<br>Suite 210<br>Lincolnshire, Illinois    ZIP CODE 60069 | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>Illinois, New Jersey, Louisiana    ZIP CODE | |

| Type of Debtor<br>(Form of Organization)<br>(Check one box.) | Nature of Business<br>(Check one box.) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box.) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>   *See Exhibit D on page 2 of this form.*<br>☒ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities,<br>   check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in<br>   11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☒ Other | ☐ Chapter 7     ☐ Chapter 15 Petition for<br>☐ Chapter 9        Recognition of a Foreign<br>☒ Chapter 11      Main Proceeding<br>☐ Chapter 12     ☐ Chapter 15 Petition for<br>☐ Chapter 13       Recognition of a Foreign<br>                                Nonmain Proceeding |
| | **Tax-Exempt Entity**<br>(Check Box, if applicable.)<br>☐ Debtor is a tax-exempt organization<br>under Title 26 of the United States<br>Code (the Internal Revenue Code). | **Nature of Debts**<br>(Check one box.)<br>☐ Debts are primarily consumer    ☒ Debts are primarily<br>debts, defined in 11 U.S.C.          business debts.<br>§ 101(8) as "incurred by an<br>individual primarily for a<br>personal, family, or house-<br>hold purpose." |

| Filing Fee (Check one box.) | Chapter 11 Debtors |
|---|---|
| ☒ Full Filing Fee attached.<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach<br>signed application for the court's consideration certifying that the debtor is<br>unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must<br>attach signed application for the court's consideration. See Official Form 3B. | **Check one box:**<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☒ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>**Check if:**<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to<br>insiders or affiliates) are less than $2,190,000.<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>**Check all applicable boxes:**<br>☒ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes<br>of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR<br>COURT USE ONLY |
|---|---|
| ☒ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution<br>to unsecured creditors. | |

*Estimated Number of Creditors

| ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-<br>5,000 | 5,001-<br>10,000 | 10,001-<br>25,000 | 25,001-<br>50,000 | 50,001-<br>100,000 | Over<br>100,000 |

*Estimated Assets

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001 to<br>$1 million | $1,000,001 to<br>$10 million | $10,000,001 to<br>$50 million | $50,000,001 to<br>$100 million | $100,000,001 to<br>$500 million | $500,000,001 to<br>$1 billion | More than<br>$1 billion |

*Estimated Liabilities

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001 to<br>$1 million | $1,000,001 to<br>$10 million | $10,000,001 to<br>$50 million | $50,000,001 to<br>$100 million | $100,000,001 to<br>$500 million | $500,000,001 to<br>$1 billion | More than<br>$1 billion |

*All financial information contained herein is reported on a consolidated book value basis with the Debtor's affiliates. Information respecting the estimated number of creditors contained herein is reported on a consolidated basis with the Debtor's affiliates.

| **Voluntary Petition** <br> *(This page must be completed and filed in every case.)* | Name of Debtor(s): <br> RathGibson, Inc. | |
|---|---|---|
| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
| Location <br> Where Filed: N/A | Case Number: <br> N/A | Date Filed: <br> N/A |
| Location <br> Where Filed: | Case Number: | Date Filed: |
| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) | | |
| Name of Debtor <br> See Attachment A | Case Number: <br> Pending | Date Filed: <br> Date Hereof |
| District: <br> District of Delaware | Relationship: <br> Affiliate | Judge: <br> Pending |

| **Exhibit A** <br><br> (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) <br><br> ☒    Exhibit A is attached and made a part of this petition. | **Exhibit B** <br> (To be completed if debtor is an individual whose debts are primarily consumer debts.) <br><br> I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b). <br><br> X _____ <br>     Signature of Attorney for Debtor(s)        (Date) |
|---|---|

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐    Yes, and Exhibit C is attached and made a part of this petition.

☒    No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐    Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐    Exhibit D also completed and signed by the joint debtor is attached and made a party of this petition.

**Information Regarding the Debtor – Venue**
(Check any applicable box.)

☒    Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐    There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐    Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐    Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐    Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐    Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐    Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B 1 (Official Form) 1 (1/08)                                                                                                                                  Page 3

| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>RothGibson, Inc. |
|---|---|

## Signatures

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>Signature of Debtor<br><br>X _____<br>Signature of Joint Debtor<br><br>_____<br>Telephone Number (if not represented by attorney)<br><br>_____<br>Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only one box.)<br><br>☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.<br><br>☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.<br><br>X _____<br>(Signature of Foreign Representative)<br><br>_____<br>(Printed Name of Foreign Representative)<br><br>_____<br>Date |
| **Signature of Attorney*** | **Signature of Non-Attorney Bankruptcy Petition Preparer** |
| X _/s/_____<br>Signature of Attorney for Debtor(s)<br>Robert S. Brady<br>Matthew B. Lunn<br>Young Conaway Stargatt & Taylor, LLP<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE  19801-1037<br>(302) 571-6600<br><br>July 13, 2009<br>Date<br><br>X _/s/ Paul Shalhoub_<br>Signature of Attorney for Debtor(s)<br>Marc Abrams<br>Paul V. Shalhoub<br>Willkie Farr & Gallagher LLP<br>787 Seventh Avenue<br>New York, New York  10019-6099<br>(212) 728-8000<br><br>July 13, 2009<br>Date<br><br>*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.<br><br>_____<br>Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>_____<br>Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)<br><br>_____<br>Address<br><br>X _____<br><br>_____<br>Date<br><br>Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.<br><br>Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |
| **Signature of Debtor (Corporation/Partnership)** | |
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _/s/ Jon M. Smith_<br>Signature of Authorized Individual<br>Jon M. Smith<br>Printed Name of Authorized Individual<br>Chief Financial Officer<br>Title of Authorized Individual<br>July 13, 2009<br>Date | |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------x
In re                              :    Chapter 11
                                   :
RathGibson, Inc.,                  :    Case No. 09-_____ (    )
                                   :
            Debtor.                :
------------------------------------------------x

# EXHIBIT A TO VOLUNTARY PETITION[1]

1. RathGibson, Inc.'s ("RathGibson") SEC file number is 333-134875.

2. The following financial data is the latest available audited information and refers to RathGibson's audited condition as of April 30, 2009.[2]

   a. Total assets                                              $305.1 million
   b. Total debts (including debts listed in 2(c), below)       $319.2 million
   c. Debt Securities

| Secured Notes Issued | Principal Amount Outstanding | Approximate Number of Record Holders |
|---|---|---|
| 11.25% Senior Notes Due 2014 | $200 million[3] | 20 |

                                                    Outstanding    Holders
   d. Number of shares of preferred stock           None           None
   e. Number of shares of common stock              100            1

---

[1] Prior to the commencement of this chapter 11 case (the "Petition Date"), RathGibson, Inc. voluntarily filed periodic reports with the Securities and Exchange Commission as a result of its contractual obligation under that certain Indenture dated as of February 7, 2006, between RathGibson, Inc. as issuer and The Bank of New York as Trustee, pursuant to which RathGibson, Inc. issued 11.25% Senior Notes due February 15, 2014.

[2] The estimated assets and debts indicated herein are estimated on a consolidated basis for RathGibson and its affiliated debtors (together with RathGibson, the "Debtors") and its non-debtor subsidiaries and affiliates. The Debtors will file schedules and statements of financial affairs pursuant to Fed. R. Bankr. P. 1007(c) within 30 days of the Petition Date or such other date as be determined by this Court.

[3] As of the Petition Date, the total outstanding amount of the 11.25% Senior Notes Due 2014, including principal and interest, was approximately $209.2 million.

3. Brief Description of the Debtors' businesses:

The Debtors and their affiliates (the "Company") comprise one of the world's leading specialty manufacturers of highly engineered premium stainless steel and alloy tubular products. The Company's products are designed to meet customer specifications and are used in environments that require high-performance characteristics, such as exceptional strength and the ability to withstand corrosive materials, extreme temperatures or high pressure. The Company sells over 1,000 products globally in diverse end-markets, including, among others: (a) chemical/ petrochemical processing and power generation; (b) energy; (c) food, beverage and pharmaceuticals; and (d) general commercial markets. The Company's primary trade brands are Rath™, Gibson Tube® and GTC®.

4. Persons who directly or indirectly own, control, or hold, with power to vote, 5% or more of the voting securities of RathGibson:

| Percentage of Ownership | Name | Address |
|---|---|---|
| 100% | RGCH Holdings Corp.[4] | 475 Half Day Road, Suite 210 Lincolnshire, Illinois 60069 |

---

[4] RGCH Holdings Corp. is a wholly owned subsidiary of RG Tube Holdings LLC. For entities that directly own more than 5% of the equity of RG Tube Holdings LLC, see Attachment A "Corporate Ownership Statement".

## ATTACHMENT A

### Pending Bankruptcy Cases Filed by Affiliates of the Debtor

Concurrently herewith, each of the affiliated entities listed below (collectively, the "**Affiliated Debtors**") filed a petition in this Court for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532. Contemporaneously with the filing of their voluntary petitions, the Debtor, together with the Affiliated Debtors, filed a motion requesting that this Court consolidate their chapter 11 cases for administrative purposes only.

The Affiliated Debtors are the following entities:

RGCH Holdings Corp.
Greenville Tube Company
RG Tube Holdings LLC

## SECRETARY'S CERTIFICATE OF
## RESOLUTIONS OF THE BOARD OF DIRECTORS
## OF RATHGIBSON, INC.

I, Jon M. Smith, the undersigned Assistant Secretary of RathGibson, Inc., a Delaware corporation (the "Company" or the "Borrower") hereby certify that, on July 12, 2009, the following resolutions were duly adopted in accordance with the requirements of applicable law by the Board of Directors (the "Board"), and recorded in the minute book of the Company, and that they have not been amended, modified or rescinded and, accordingly, are in full force and effect.

WHEREAS, the Board believes it is advisable and in the best interests of the Company to appoint an Assistant Secretary of the Company; and

WHEREAS, as a result of the financial condition of the Company, the Board has engaged counsel, financial advisors and consultants to provide advice to the Company regarding its obligations to its creditors, equity holders, employees and other interested parties; and

WHEREAS, the Board has reviewed the advice of its counsel, restructuring advisors and financial advisors and has considered the options available to the Company, and has determined that, in its judgment, it is advisable and in the best interests of the Company, its creditors, equity holders, employees and other interested parties that the Company voluntarily file a petition for relief under chapter 11 of title 11, United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"); and

WHEREAS, the Company, a wholly-owned subsidiary of RGCH Holdings Corp., a Delaware corporation ("RGCH"), intends to enter into, as Borrower, a Secured Super-Priority Debtor-in-Possession Multiple Draw Term Loan Agreement (the "Loan Agreement"; capitalized terms used herein and not defined shall have the meanings provided in the Loan Agreement), by and among the Company, as debtor and debtor in possession and as Borrower, RGCH, as debtor and debtor in possession and as Guarantor, Greenville Tube Company, a Delaware corporation, as debtor and debtor in possession and as Guarantor, the Lenders from time to time parties thereto and Wilmington Trust FSB, as Administrative Agent; and

WHEREAS, the Lenders have agreed to extend to the Company a non-amortizing multiple draw super-priority secured term loan facility permitting borrowings in an aggregate principal amount of up to $80,000,000, which may be drawn in borrowings of an aggregate amount of not less than $5,000,000 or an integral multiple of $1,000,000 in excess thereof; *provided* that the initial borrowing shall be in an aggregate amount of $65,000,000; and

WHEREAS, the Board believes it is advisable and in the best interests of the Company to enter into the Loan Agreement and related documents and to grant all security interests contemplated by the Loan Agreement, the Orders and the related documents (collectively, the "Loan Documents").

NOW THEREFORE, it is hereby:

RESOLVED, that Jon M. Smith, be, and hereby is, elected to serve as the Assistant Secretary of the Company and to hold such office until his successor is elected and qualified or until his death, resignation, removal, retirement or other separation; and it is further

RESOLVED, that the filing by the Company of a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") is hereby approved, confirmed and adopted; and it is further

RESOLVED, that each of the appropriate officers of the Company, including any president, vice president, chief executive officer, chief financial officer, chairman, secretary, assistant secretary, treasurer or assistant treasurer (each of the foregoing, individually, an "Authorized Officer" and, together, the "Authorized Officers") is hereby authorized and empowered to execute and file on behalf of the Company a petition for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court; and it is further

RESOLVED, that each of the Authorized Officers is hereby authorized and empowered, in the name and on behalf of the Company, to execute and file all petitions, schedules, motions, lists, applications, pleadings, affidavits and other papers as required to accompany the petition or seek entry of first day orders, and, in connection therewith, to employ and retain assistance of legal counsel, accountants, financial advisors and other professionals, and to take and perform any and all further acts and deeds that they deem necessary, proper or desirable in connection with, or in furtherance of, the Company's chapter 11 case, with a view to the successful prosecution of such case; and it is further

RESOLVED, that each of the Authorized Officers is hereby authorized and empowered to execute on behalf of the Company a plan of reorganization, related disclosure statement, and all documents contemplated thereby in substantially the form and on substantially the terms and conditions in all material respects previously described to the Board of Directions, with such changes, revisions, amendments, modifications and supplements any Authorized Officers executing the same may deem necessary, proper or desirable, the execution thereof to be conclusive evidence that such Authorized Officer deemed any changes therein to be necessary or desirable; and it is further

RESOLVED, that the law firms of Willkie Farr & Gallagher LLP, located at 787 Seventh Avenue, New York, New York 10019 and Young Conaway Stargatt & Taylor, LLP, located at The Brandywine Building, 1000 West Street, 17th Floor, Wilmington, Delaware 19801, are hereby employed as co-counsel to render legal services to, and to represent, the Company in the chapter 11 case and in any and all related proceedings; each employment subject to Bankruptcy Court approval; and it is further

RESOLVED, that Jefferies & Company, Inc. located at 520 Madison Avenue, New York, New York, 10022, is hereby employed as financial advisor and investment banker for the Company in its chapter 11 case, subject to Bankruptcy Court approval; and it is further

RESOLVED, that Mesirow Financial Consulting, LLC located at 321 North Clark Street, Chicago, Illinois 60610, is hereby employed as financial advisors for the Company in its chapter 11 case, subject to Bankruptcy Court approval; and it is further

RESOLVED, that Kelley Drye & Warren LLP located at Washington Harbour, Suite 400, 3050 K Street, NW, Washington, D.C. 20007 is hereby employed as special corporate counsel for the Company in its chapter 11 case, subject to Bankruptcy Court approval; and it is further

RESOLVED, that each of the Authorized Officers is hereby authorized and empowered to retain on behalf of the Company such other professionals as they deem necessary, appropriate or desirable, upon such terms and conditions as they shall approve, to render services to the Company in connection with its chapter 11 case and with respect to other related matters in connection therewith; each employment subject to Bankruptcy Court approval; and it is further

RESOLVED, that the Loan Agreement, the Loan Documents and the transactions contemplated by the Loan Agreement, be, and they hereby are, adopted and approved in all respects, with such changes thereto as any Authorized Officer executing the same shall approve, his execution thereof to be deemed conclusive evidence of such approval; and it is further

RESOLVED, that the execution, delivery and performance by the Company of the Loan Agreement and the Loan Documents and the exercise of any and all remedies by or on behalf of the Lenders permitted pursuant to the terms and conditions of the Loan Agreement and the Loan Documents be, and hereby are, expressly authorized and approved, and such approval is intended to and shall constitute all authorization and approval required by the Board; and it is further

RESOLVED, that each of the Authorized Officers be, and each hereby is, authorized to execute and deliver, in the name of and on behalf of the Company, the Loan Agreement, the Loan Documents and any UCC-1 financing statements and other instruments, stock powers, documents, certificates, consents, assignments, notices and agreements contemplated thereby or executed and delivered in connection therewith with such changes, additions, modifications, and terms as the Authorized Officers executing the Loan Agreement, the Loan Documents or any other instrument, document, certificate, consent, assignment, notice and agreement shall approve, with such Authorized Officer's execution thereof to be deemed conclusive evidence of such approval; and it is further

RESOLVED, that each of the Authorized Officers is authorized to make, execute, file and deliver any and all consents, certificates, documents, instruments, amendments, papers or writings as may be required in connection with or in furtherance of the foregoing, and to do any and all other acts necessary or desirable to effectuate the foregoing resolutions, the execution and delivery thereof by such Authorized Officer(s) of the Company to be deemed conclusive evidence of the approval by the Company of the terms, provisions and conditions thereof; and it is further

RESOLVED, that if any direct or indirect subsidiary of the Company guarantees any of the obligations of the Company under the Loan Agreement by executing the Loan Agreement, a joinder agreement, a guaranty or other document (a "Guaranty Document") or grants a lien in its assets pursuant to any security agreement, pledge agreement, joinder agreement or other document (each a "Lien Document"), the Company hereby consents to the execution, delivery and performance by such subsidiary of its obligations pursuant to such Guaranty Document and Lien Document; and it is further

RESOLVED, that the performance and consummation of the transactions contemplated in the Loan Agreement and the Loan Documents, by the Company, be and hereby are, approved, ratified and confirmed in all respects with such changes therein and additions thereto as may be approved or deemed necessary, appropriate or advisable by an Authorized Officer of the Company, the execution thereof by such officer to be conclusive evidence of such approval or determination; and it is further

RESOLVED, that the Authorized Officers are authorized to direct the Company to pay any and all expenses and fees of the Company in connection with the Loan Documents; and it is further

RESOLVED, that each of the Authorized Officers is hereby authorized and empowered, in the name and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file and/or record and perform such agreements, instruments, motions, affidavits, applications for approvals or ruling of governmental or regulatory authorities, certificates or other documents, and to take such other action, as in the judgment of such Authorized Officer shall be or become necessary, proper, and desirable to effectuate a successful reorganization of the Company's business; and it is further

RESOLVED, that each of the Authorized Officers is authorized and empowered in the name and on behalf of the Company, to take any and all further actions and to execute and deliver any and all such further instruments and documents and to pay all expenses (subject to Bankruptcy Court approval where necessary or appropriate) in order to carry out fully the intent and accomplish the purposes of the resolutions adopted herein; and it is further

RESOLVED, that any and all past actions heretofore lawfully taken by officers, directors, members or any authorized persons acting under similar authority, as the case may be, of the Company in the name and on behalf of the Company in furtherance of any or all of the preceding resolutions are hereby ratified, confirmed and approved; and it is further

RESOLVED, that the Assistant Secretary of the Company is hereby authorized, empowered and directed to certify that the foregoing resolutions of the Board were duly consented to and adopted as of the date hereof, and that the Assistant Secretary of the Company is hereby authorized and directed to insert, or cause to be inserted, this Secretary's Certificate of Resolutions of the Board, or a copy thereof, in the minutes of proceedings of the Board.

[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

IN WITNESS WHEREOF, the undersigned has executed this Secretary's Certificate of Resolutions of the Board of Directors as of the 12nd day of July 2009.

_____
Signature

Jon M. Smith
Name

Assistant Corporate Secretary
Title

## Certification

    Attached hereto are the resolutions approved by the Board of Directors that authorize the Company to file a petition seeking relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). These resolutions remain in full force and effect. Acting pursuant to the authority delegated to me in this resolution, I hereby authorize the filing of the Company's voluntary petition under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware.

Date: July 12, 2009

_____
Signature
Jon M. Smith
Name
Assistant Corporate Secretary
Title

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

--------------------------------------------------------x
In re                                : Chapter 11
                                     :
RathGibson, Inc.,                    : Case No. 09-_____ (    )
                                     :
            Debtor.                  :
--------------------------------------------------------x

## LIST OF CREDITORS
## HOLDING THE 20 LARGEST UNSECURED CLAIMS

     RathGibson, Inc. (the "Debtor"), filed a voluntary petition in this Court for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, et seq. This list of creditors holding the 20 largest unsecured claims (the "Top 20 List") has been prepared on a non-consolidated basis, from the Debtor's books and records as of July 10, 2009. The Top 20 List was prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure for filing in the Debtor's chapter 11 case. The Top 20 List does not include: (1) persons who come within the definition of an "insider" set forth in 11 U.S.C. § 101(31); or (2) secured creditors, unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims. The information presented in the Top 20 List shall not constitute an admission by, nor is it binding on, the Debtor. The information presented herein, including, without limitation: (a) the failure of the Debtor to list any claim as contingent, unliquidated, disputed or subject to a setoff; or (b) the listing of any claim as unsecured, does not constitute an admission by the Debtor that the secured lenders listed hold any deficiency claims, nor does it constitute a waiver of the Debtor's rights to contest the validity, priority, nature, characterization and/or amount of any claim.

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and fax number of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed, or subject to setoff | Amount of claim as of 7/10/09[1] |
|---|---|---|---|---|
| The Bank of New York, as Indenture Trustee<br>The Bank of New York<br>101 Barclay Street, 8W<br>New York, NY 10007<br>Attn: Corporate Trust Administration | Corporate Trust Administration<br>(212) 815-5707 Fax | Debt Securities | | $209.2 million[2] |

---

[1] These claim amounts represent maximum potential liabilities. Any actual amounts owed may be significantly lower.

[2] This amount is as of July 13, 2009.

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and fax number of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed, or subject to setoff | Amount of claim as of 7/10/09[1] |
|---|---|---|---|---|
| Allegheny Ludlum Steel Co. 100 River Road Brackenridge, PA 15014-1597 | David Scott (724) 226-5413 (724) 226-5821 Fax | Trade | | $492,389.81[3] |
| Huntington Alloys Corporation 3200 Riverside Drive Huntington, WV 25705 | Stanton Kirk (304) 526-5650 (304) 526-5526 Fax | Trade | | $1,208,712.79 |
| Harley Kaplan 1310 Fiore Drive Lake Forest, IL 60045 | | Severance | | $501,923.00 |
| Krupp VDM Technologies 306 Columbia Turnpike Florham Park, NJ 07932 | Jeffrey Schacherls (973) 236-1664 x 332 (973) 236-1960 Fax | Trade | | $283,624.41 |
| Air Products And Chemicals 7201 Hamilton Blvd Allentown, PA 18195 | William Shawd (330) 342-0007 (330) 342-0077 Fax | Trade | | $176,375.88 |
| Dave Pudelsky 469 South Horizon Way Neshanic, NJ 08853 | | Severance | | $172,385.94 |
| Barry Nuss 259 Sumac Road Highland Park, IL 60035 | | Severance | | $170,042.00 |
| Alliant Energy PO Box 26 Fairmont, MN 56031 | (608) 458-0100 Fax | Utility | | $111,464.87 |
| England Logistics c/o Traffic Management Services, Inc. 612 East Superior Street P.O. Box 549 Alma, MI 48801 | Lyle McCann, General Manager (989) 463-8383 (989) 463-8671 Fax | | | $92,000.00 |
| Matt Bernstein 222 South Spring Avenue Lagrange, IL 60525 | | Severance | | $87,690.09 |
| Rock County Treasurer PO Box 1975 Janesville, WI 53547 | Vicki L. Brown (608) 757-5670 (608) 757-5577 Fax | Tax | | $77,478.05 |
| Sonoco Products Co. Baker 3040 Hwy 31 South Hartselle, AL 35640 | Joe Jones & Donna Segers (256) 751-5022 (256) 751-5109 Fax (256) 751-5101 Fax | Trade | | $63,895.96 |

---

[3]   The Debtors have caused a standby letter of credit (the "L/C") to be issued in favor of Allegheny Ludlum Steel Co. ("Allegheny") in the amount of $1 million. Therefore, the amount listed on this Top 20 List is net of $1 million owed to Allegheny which amount is secured by the L/C.

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and fax number of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed, or subject to setoff | Amount of claim as of 7/10/09[1] |
|---|---|---|---|---|
| Handy & Harman Tube Co. Inc.<br>124 Vepco Industrial Park<br>Camden, DE 19934 | John Coates<br>(302) 697-9521<br>(302) 697-7405 Fax | Trade | | $53,150.22 |
| Hayes Industries Inc<br>14030 Florence Road<br>Sugarland, TX 77478 | Bobby Field<br>(281) 340-6901<br>(281) 565-8166 Fax | Trade | | $48,578.40 |
| Magnetic Analysis Corp.<br>PO Box 30771<br>Newark, NJ 07188 | David Bauer<br>(732) 548-1597<br>(732) 548-1451 Fax | Trade | | $45,765.52 |
| Timber Creek Resource LLC<br>5059 North 119th Street<br>Milwaukee, WI 53225 | Gary Lemaster<br>(414) 466-1645<br>(414) 466-4380 Fax | Trade | | $42,561.79 |
| Felker Brothers Corp.<br>22 North Chestnut Avenue<br>Marshfield, WI 54449 | Scott Martinck<br>(715) 384-3121<br>(715) 387-6837 Fax | Trade | | $39,052.00 |
| Janesville Water & Wastewater Utilities<br>Municipal Building<br>PO Box 5005<br>Janesville, WI 53547-5005 | (608) 755-3090<br>(608) 755-3131 Fax<br>(608) 755-3125 Fax | Utility | | $38,200.90 |
| AMP Electric Inc<br>1390 Gateway Blvd<br>Beloit, WI 53511 | Kelly Reed<br>(815) 599-5058<br>(815) 599-5059 Fax | Trade | | $32,000.00 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
---------------------------------------------x
In re                                         :    Chapter 11
                                              :
RathGibson, Inc.,                             :    Case No. 09-_____ (   )
                                              :
              Debtor.                         :
---------------------------------------------x
```

## DECLARATION CONCERNING LIST OF CREDITORS

I, Jon M. Smith, Chief Financial Officer of RathGibson, Inc. (the "Debtor"), the debtor in this case, declare under penalty of perjury that I have read the foregoing list of the twenty largest unsecured creditors (the "Top 20 List") of the Debtor and that it is true and correct to the best of my information and belief.

The information contained in the Top 20 List is based on a review of the Debtor's books and records. However, the Debtor has not completed a comprehensive legal and/or factual investigation with regard to possible defenses to any claims of the potential claimants included in the Top 20 List. In addition, certain of the entities included in the Top 20 List may not hold outstanding claims as of the date hereof, and therefore may not be creditors of the Debtor for purposes of these chapter 11 cases. Therefore, this listing does not and should not be deemed to constitute either: (i) a waiver of any defenses to any claims that may be asserted against the Debtor; or (ii) an acknowledgement of the validity or amount of any claims that may be asserted against the Debtor.

Dated: July 13, 2009

_____
Jon M. Smith
Chief Financial Officer

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------x
In re                                              :    Chapter 11
                                                   :
RathGibson, Inc.,                                  :    Case No. 09-_____ (     )
                                                   :
                    Debtor.                        :
---------------------------------------------------------x

**LIST OF EQUITY HOLDERS AND
CORPORATE OWNERSHIP STATEMENT
PURSUANT TO BANKRUPTCY RULE 7007.1**

RathGibson, Inc. is a wholly-owned subsidiary of RGCH Holdings Corp., which owns 100% of its equity interests. RGCH Holdings Corp. is a wholly-owned subsidiary of RG Tube Holdings LLC, which owns 100% of its equity interests. The following affiliated entities together own 10% or more of RG Tube Holdings LLC's equity interests:

| Shareholder | Percentage of Total[1] Shares |
|---|---|
| DLJ Merchant Bankers Partners IV, L.P. | 34.3% |
| DLJ Offshore Partners IV, L.P. | 18.0% |
| Total MBP IV Plan Investors | 9.7% |
| DLJ Merchant Banking Partners IV (Pacific), L.P. | 2.6% |
| DLJ Investment Partners III, L.P. | 2.0% |
| DLJ Investment Partners, L.P. | 1.1% |
| IP III Plan Investors, L.P. | 0.2% |

---

[1] Percentage reflects percentage of total outstanding equity interests, inclusive of interests held by holders of non-voting Class B Units. Information as of July 8, 2009.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------x
In re                                              :    Chapter 11
                                                   :
RathGibson, Inc.,                                  :    Case No. 09-_____ (    )
                                                   :
                    Debtor.                        :
---------------------------------------------------x

## DECLARATION UNDER PENALTY OF PERJURY

I, Jon M. Smith, Chief Financial Officer of RathGibson, Inc., the debtor in this case (the "Debtor"), declare under penalty of perjury that I have read the foregoing list of equity security holders and corporate ownership statement of the Debtor and that they are true and correct to the best of my information and belief.

Dated: July 13, 2009

_____
Jon M. Smith
Chief Financial Officer