UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re | ) Chapter 11 |
| RATHGIBSON, INC., et al. | ) Case No. 09-12452 (CSS) |
| | ) (Consolidated for Administration) |
| Debtors-in-Possession. | ) |
| | ) Hearing Date/Time: September 15, 2009 at 1:00 p.m. |
| | ) Objection Date/Time: September 8, 2009 at 4:00 p.m. |
| | ) Related Docket No. 200 |

### ORDER APPROVING APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ORDER PURSUANT TO 11 U.S.C. §§ 105 AND 1103(a) OF THE BANKRUPTCY CODE, FED. R. BANKR. P. 2014 AND DEL. BANKR. L.R. 2014-1 AUTHORIZING AND APPROVING THE EMPLOYMENT AND RETENTION OF HURON CONSULTING SERVICES LLC AS FINANCIAL ADVISORS FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS AS OF JULY 23, 2009

Upon review of the Application of the Official Committee of Unsecured Creditors (the "Committee") of RathGibson Inc., et al. (the "Debtors") for Order Pursuant to sections 105 and 1103(a) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") Authorizing and Approving the Employment and Retention of Huron Consulting Services LLC ("Huron") as Financial Advisors for the Committee as of July 23, 2009 (the "Application"), filed on behalf of the Committee, it appearing that the Committee has selected the consulting firm of Huron Consulting Services LLC as its financial advisors in these chapter 11 cases, and all related matters, effective as of July 23, 2009 to represent the Committee in this case and that the Firm is "disinterested" within the meaning of 11 U.S.C. § 101(14) and does not hold any interest adverse to the estate, and good cause appearing therefor:

**IT IS HEREBY ORDERED** that Huron will apply to the Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the

#11472981 v1

Bankruptcy Code, the Bankruptcy Rules, the Local Rules, orders of this Court, and the Fee Guidelines promulgated by the Executive Office of the United States Trustee.

**IT IS FURTHER ORDERED** that the fees payable to Huron shall be subject to review pursuant to the standards set forth in section 328(a) of the Bankruptcy Code and shall not be subject to the standards set forth in section 330 of the Bankruptcy Code. Notwithstanding anything to the contrary in the Application or this Order, the US Trustee shall retain the right and be entitled to object to Huron's requests for interim and final compensation and reimbursement. This Order and the record relating the Court's consideration of the Application shall not prejudice or otherwise affect the rights of the US Trustee to challenge the reasonableness of Huron's compensation under Bankruptcy Code section 330 and 331. Accordingly, nothing in this Order or the record shall constitute a finding of fact or conclusion of law binding the US Trustee, on appeal or otherwise, with respect to the reasonableness of Huron's compensation.

**IT IS FURTHER ORDERED** that the indemnification provisions included in the Engagement Agreement, included hereto as Exhibit A, are approved to the extent provided in this Order and subject to the following conditions:

(a) Subject to the provisions of subparagraphs (c) and (d) below, the Debtors' Estate is authorized to indemnify, and shall indemnify, Huron, in accordance with the Engagement Agreement, for any claim arising from, related to or in connection with Huron's performance of the services described in the Engagement Agreement;

(b) Huron shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Agreement for services other than the services provided under the Engagement Agreement, unless such services and the indemnification, contribution, or reimbursement therefore are approved by the Court;

(c) Notwithstanding anything to the contrary in the Engagement Agreement, the Debtors' Estate shall have no obligation to indemnify any person, or provide contribution or reimbursement to any person, for any claim or expense to the extent that it is either (1) judicially determined (the determination having become final and no longer subject to appeal) to have arisen from that person's gross negligence, willful misconduct or fraud, (ii) for a contractual dispute in which the Debtors' Estate alleges the breach of Huron's contractual obligations unless the Court determines that indemnification, contribution, or reimbursement would be permissible

2

pursuant to In re United Artists Theatre Co., 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination under (i) and/or (ii), but determined by this Court (the determination having become final and no longer subject to appeal) after notice and a hearing, to be a claim or expense for which that person should not receive indemnity, contribution or reimbursement under the terms of the Engagement Agreement as modified by this Court; and

(d) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing these chapter 11 cases, Huron believes that it is entitled to the payment of any amounts by the Debtors' Estate on account of the indemnification of the Debtors' Estate, contribution and/or reimbursement obligations under the Engagement Agreement (as modified), including without limitation the advancement of defense costs, Huron shall file an application therefore in this Court, and the Debtors' Estate shall not pay any such amounts to Huron before entry of an order by this Court approving such payment. This paragraph is intended only to specify the period of time under which this Court shall have jurisdiction over any request for fees and expenses by Huron for indemnification, contribution or reimbursement, and it is not a provision limiting the duration of the obligation of the Debtors' Estate to indemnify Huron.

**IT IS FURTHER ORDERED** that the Committee is authorized to employ the consulting firm of Huron Consulting Services LLC to serve as financial advisors to the Committee and such employment is approved as of July 23, 2009, and the Application is approved.

Dated: 9/11, 2009

By: _____
The Honorable Christopher S. Sontchi
United States Bankruptcy Judge

3