IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------x
In re                                  :    Chapter 11
                                       :
RathGibson, Inc., et al.,[1]           :    Case No. 09-12452 (CSS)
                                       :
        Debtors.                       :    Jointly Administered
                                       :
                                       :    Re: Docket No. 298
------------------------------------------------------x
```

## ORDER GRANTING DAWN FULLER-VARANO
## RELIEF FROM THE AUTOMATIC STAY

Upon the *Motion of Dawn Fuller-Varano for Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362*[Docket No. 298] (the "Motion"); as more fully set forth therein; and after due deliberation and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED, THAT:**

1. The Motion is GRANTED to the extent set forth herein.

2. The automatic stay of section 362 of the Bankruptcy Code is modified for the sole purpose of allowing Dawn Fuller-Varano (the "Plaintiff"), to continue the prosecution of *Dawn Fuller-Varano v. RathGibson, et al.*, Case No. 08-4685 (FLW), pending in the United States District Court for the District of New Jersey and any appeals or other proceedings related thereto, until the entry of a final judgment thereon which is not subject to any further appeal or right of review, in order to liquidate the amount of Plaintiff's timely filed proof of claim (the "Claim"), on the conditions that the Plaintiff: (a) look solely to the proceeds of the Debtors' applicable insurance policy or policies to satisfy (i) any judgment the Plaintiff may obtain against

---

[1] The last four digits of the taxpayer identification numbers of the Debtors follow in parentheses: (i) Greenville Tube Company (2689); (ii) RathGibson, Inc. (3283); (iii) RG Tube Holdings LLC (4080); and (iv) RGCH Holdings Corp. (9683). The Debtors' executive headquarters' address is 475 Half Day Road, Suite 210, Lincolnshire, Illinois 60069.

DB02:8810785.1

068401.1001

the Debtors and not look to other assets of any of the Debtors' estates or (ii) any settlement agreed to by the Plaintiff, the Debtors and the applicable insurer.

3. For avoidance of doubt, the Claim shall not be allowed, waived or expunged by this Order. The Claim after it becomes liquidated through the litigation described in Paragraph 2 above, shall be treated according to the terms of debtors' confirmed plan and the bankruptcy code; provided, that prior to payment thereon by the debtors, the claim shall be reduced by any applicable insurance proceeds received by Plaintiff.

4. The Plaintiff, along with the Debtors, may enter into any and all agreements necessary to finalize settlement of all claims, including agreements with the Debtors' insurers, as well as with third parties providing, for example, structured settlements and annuities.

5. Other than as set forth in the paragraphs above, all protections afforded by section 362 of the Bankruptcy Code shall remain in full force and effect.

6. Except as set forth herein, and absent further order of this Court, the Plaintiff will not seek recovery of any compensation which the Plaintiff may be entitled to receive against the assets of the Debtors and their present and former parent companies, subsidiaries, affiliates, predecessors, successors, assigns, principals, employees, agents, servants, attorneys, and their respective representatives, heirs, executors, personal representatives, administrators and assigns, and any and all persons, natural or corporate, in privity with them or acting in concert with them.

7. The Debtors' right to seek to re-impose the automatic stay for all purposes upon appropriate notice and an opportunity to be heard is preserved.

8. The Court shall, and hereby does, retain jurisdiction over any matter concerning or in any way relating to, the Motion, this Order, or the relief granted herein.

Dated: _____10/16_____, 2009
Wilmington, Delaware

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE