IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
In re                                  : Chapter 11
                                       :
RathGibson, Inc., et al.,[1]           : Case No. 09-12452 (CSS)
                                       :
                  Debtors.             : Jointly Administered
                                       :
                                       : Re: Docket No. 573
                                       :
---------------------------------------------------------------x

## CERTIFICATION OF COUNSEL

The undersigned hereby certifies as follows:

1. On March 8, 2010, the above-captioned debtors and debtors in possession (the "Debtors") filed the *Debtors' Motion for an Order (I)(A) Approving Bid Procedures With Respect to Sale; (B) Approving Bid Protections With Respect to Stalking Horse Bidder; (C) Approving Assumption, Assignment and/or Transfer Procedures; and (D) Scheduling an Auction and Approving the Form and Manner of Notice Thereof; and (II) Granting Related Relief* [Docket No. 573] (the "Bid Procedures Motion") with the United States Bankruptcy Court for the District of Delaware (the "Court").

2. On March 18, 2010, (i) GE Capital Franchise Finance Corporation ("GE Capital") filed with the Court the *Limited Objection of GE Capital Franchise Corporation to the Proposed Bid Procedures* [Docket No. 603], and (ii) the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") filed with the Court the *United States Trustee's Objection to the Debtors' Motion for an Order (I)(A) Approving Bid Procedures With Respect to*

---

[1] The last four digits of the taxpayer identification numbers of the Debtors follow in parentheses: (i) Greenville Tube Company (2689); (ii) RathGibson, Inc. (3283); (iii) RG Tube Holdings LLC (4080); and (iv) RGCH Holdings Corp. (9683). The Debtors' executive headquarters' address is 475 Half Day Road, Suite 210, Lincolnshire, Illinois 60069.

*Sale; (B) Approving Bid Protections With Respect to Stalking Horse Bidder; (C) Approving Assumption, Assignment and/or Transfer Procedures; and (D) Scheduling an Auction and Approving the Form and Manner of Notice Thereof; and (II) Granting Related Relief* [Docket No. 604].

3. On March 23, 2010, the Court held a hearing (the "Bid Procedures Hearing") to consider the Bid Procedures Motion, at which time the Court (i) sustained the objections of the U.S. Trustee; (ii) granted the relief requested in the Bid Procedures Motion other than with respect to the proposed Bid Protections and Expense Amount; and (iii) stated that approval of the relief requested in the Bid Procedures Motion with respect to the Bid Protections and Expense Amount may be considered at a later date and in conjunction with the hearing to approve the Sale.[2]

4. Following the Bid Procedures Hearing, the Stalking Horse Bidder and the Debtors worked together to negotiate consensual revisions to the Stalking Horse Agreement consistent with the Court's ruling on the record at the Bid Procedures Hearing.

5. Attached hereto as Exhibit 1 is a revised proposed form of order (including revised exhibits, the "Revised Bid Procedures Order") approving the relief requested in the Bid Procedures Motion consistent with the Court's ruling on the record at the Bid Procedures Hearing and reflecting both a compromise with GE Capital and the applicable revisions to the Stalking Horse Agreement. The Debtors highlight for the Court that in addition to the compromise with the Stalking Horse stated on the record of the Bid Procedures Hearing, Section j. of the Bid Procedures, attached as Exhibit A to the Revised Bid Procedures Order, has been modified to reflect an amendment to the Stalking Horse Agreement that the Stalking Horse

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Bid Procedures Motion.

shall have no obligation to serve as the Second-Highest Bidder (as defined in the Bid Procedures) if the Court does not approve payment to the Stalking Horse of the Bid Protections prior to or in connection with the Confirmation Hearing.

6. For the convenience of the Court and parties in interest, attached hereto as Exhibit 2 is a blackline comparing the Revised Bid Procedures Order with the form of proposed order attached to the Bid Procedures Motion as Exhibit 1. Also attached hereto as Exhibit 3 is a copy of the Waiver, Consent and Amendment No. 1 to Asset Purchase Agreement.

7. The Debtors have shared the Revised Bid Procedures Order with the Stalking Horse Bidder, the Committee and the U.S. Trustee, all of which consent to entry of the proposed Revised Bid Procedures Order.[3]

WHEREFORE, the Debtors respectfully request that the Court enter the Revised Bid Procedures Order at the earliest convenience of the Court.

---

[3] Paragraph 18 of the proposed Revised Bid Procedures Order reflects the compromise with GE Capital discussed with the Court at the Bid Procedures Hearing and no additional changes have been made to paragraph 18 since the Bid Procedures Hearing.

Dated: March 26, 2010
Wilmington, Delaware

        YOUNG CONAWAY STARGATT & TAYLOR, LLP

        /s/ Robert S. Brady
        Robert S. Brady (No. 2847)
        Matthew B. Lunn (No. 4119)
        Maris J. Finnegan (No. 5294)
        Michael S. Neiburg (No. 5275)
        The Brandywine Building
        1000 West Street, 17th Floor
        Wilmington, Delaware 19801
        (302) 571-6600

        -and-

        WILLKIE FARR & GALLAGHER LLP
        Paul V. Shalhoub
        Robin Spigel
        787 Seventh Avenue
        New York, New York 10019-6099
        Telephone: (212) 728-8000
        Facsimile: (212) 728-8111

        *Counsel to the Debtors and Debtors in Possession*