IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------x
In re                                              : Chapter 11
                                                   :
RathGibson, Inc., et al.,[1]                       : Case No. 09-12452 (CSS)
                                                   : Jointly Administered
Debtors.                                           :
                                                   : Re: Docket No. 573
                                                   :
---------------------------------------------------x

## ORDER (I) (A) APPROVING BID PROCEDURES WITH RESPECT TO SALE; (B) APPROVING ASSUMPTION, ASSIGNMENT AND/OR TRANSFER PROCEDURES; AND (C) SCHEDULING AN AUCTION AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF; AND (II) GRANTING RELATED RELIEF

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (the "Debtors"), for the entry of an order, pursuant to sections 105, 363, 365, 503 and 507 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004 and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 6004-1(c) of the Local Rules of Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"): (i) scheduling the hearing on the approval of the Sale of the Purchased Assets, free and clear of all liens, claims, interests, charges or other encumbrances (other than permitted encumbrances); (ii) approving the Bid Procedures with respect to the Sale, (iii) approving the Bid Protections with respect to the Stalking Horse Bidder, (iv) approving assumption, assignment and/or transfer procedures, (v) scheduling the Auction and approving the form and manner of notice thereof; and

---

[1] The last four digits of the taxpayer identification numbers of the Debtors follow in parentheses: (i) Greenville Tube Company (2689); (ii) RathGibson, Inc. (3283); (iii) RG Tube Holdings LLC (4080); and (iv) RGCH Holdings Corp. (9683). The Debtors' executive headquarters' address is 475 Half Day Road, Suite 210, Lincolnshire, Illinois 60069.

[2] Unless otherwise defined herein, all capitalized terms shall have the respective meanings ascribed to them in the Motion.

(vi) granting related relief; and upon (xx) the objection the United States Trustee to the Motion; and (yy) the limited objection of GE Capital Franchise Finance Corporation to the proposed bid procedures;

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A. Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when applicable. See Bankruptcy Rule 7052.

B. The Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334. The relief requested in the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

C. Due and proper notice of the Motion and the relief sought therein has been given under the circumstances, such notice complied with all applicable requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules, and no other or further notice is required except as set forth herein with respect to the Auction and Confirmation Hearing. A reasonable opportunity to object or be heard regarding the relief provided herein has been afforded to parties-in-interest.

D. The Debtors' proposed notice of the Auction and the Bid Procedures, in the form of the Notice of Bid Deadline and Auction For Sale of Substantially All of Debtors' Assets (the "Notice of Auction and Sale"), substantially in the form attached hereto as Exhibit B, is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the Auction and the Bid Procedures to be employed in connection therewith.

E. The Debtors' proposed notice of the Assignment and Assumption Procedures, in the form of the Notice of Assumption and Assignment annexed hereto as <u>Exhibit C</u>, is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the proposed assumption and assignment of the Executory Contracts and Unexpired Leases.

F. The Stalking Horse Agreement was entered into in good faith by the Debtors and the Stalking Horse Bidder, and is the result of an arms-length negotiation between the parties that are each represented by sophisticated legal counsel.

G. The Debtors have articulated good and sufficient business reasons for this Court to approve the Bid Procedures as provided herein, including: (i) the scheduling of the Bid Deadline, Auction and Confirmation Hearing in connection with the Sale of the Purchased Assets and confirmation of the Plan, and (ii) the establishment of procedures to fix the Cure Costs to be paid under section 365 of the Bankruptcy Code in connection with the assumption, assignment and/or transfer of the Executory Contracts and Unexpired Leases.

H. Approval of the Bid Protections may be considered by the Bankruptcy Court in conjunction with the hearing to approve the Sale.

I. At the hearing on the Motion, the Debtors presented evidence to the Court in support of their request to approve the Bid Protections and the Committee supported such request.

J. The Bid Procedures, in substantially the form attached hereto as <u>Exhibit A</u>, are fair, reasonable and appropriate and are designed to maximize the value of the Debtors' estates.

3

DB02:9340058.3  068401.1001

K. The Bid Procedures and all such steps and expenses incurred by the Debtors in connection with the implementation of the Bid Procedures and this Order shall be deemed reasonable and appropriate and within the sound business judgment of the Debtors pursuant to section 363(b) of the Bankruptcy Code.

L. The entry of this Order is in the best interests of the Debtors and their estates, creditors and interest holders and all other parties in interest herein.

**NOW THEREFORE, IT IS HEREBY ORDERED:**

1. The Motion is GRANTED as set forth herein.

2. The Notice of Auction and Sale annexed hereto as <u>Exhibit B</u> is reasonable and appropriate and is hereby approved.

3. All objections to the Motion or the relief requested therein with respect to the Bid Procedures (other than with respect to the Bid Protections and the Expense Amount), the Assignment and Assumption Procedures and the Notice of Auction and Sale that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are overruled and denied on the merits.

4. Subject to paragraph 18 below, the Bid Procedures (exclusive of the Bid Protections, approval of which may be considered in conjunction with the hearing to approve the Sale) are approved and shall apply with respect to the Auction, if any, and the proposed Sale of the Purchased Assets. The Stalking Horse Agreement shall be amended to be consistent with the terms of this Order. The Debtors are authorized to take all actions necessary or appropriate to implement the Bid Procedures.

5. As further described in the Bid Procedures, the deadline for submitting bids for the Purchased Assets (the "Bid Deadline") is May 12, 2010, at 5:00 p.m. (prevailing Eastern time).

6. If the Debtors receive a Qualified Bid (as defined in the Bid Procedures) other than the Stalking Horse Bidder bid prior to the Bid Deadline, an Auction consistent with the Bid Procedures for the sale of the Purchased Assets shall be held at the offices of Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019 on May 19, 2010, commencing at 10:00 a.m. (prevailing Eastern Time), provided, however, that the Debtors, in their discretion, shall: (i) have the right to cancel the Auction if no Qualified Bids are received; and (ii) have the right to hold the Auction at another place (which shall be in New York City), date and time, with notice to the Creditors' Committee, all Qualified Bidders and any other invitees. The Debtors will provide notice of the Auction through the Notice of Auction and Sale, which will detail: (i) the Bid Deadline and the terms and conditions of the Sale, and (ii) the date, time and location of the Auction.

7. Each Qualified Bidder participating at the Auction shall confirm that: (i) it has not engaged in any collusion with respect to the bidding or the Sale, and (ii) its Qualified Bid is a good faith, bona fide offer and it intends to consummate the Proposed Transaction (defined in the Bid Procedures) if selected as the Successful Bidder.

8. The Auction will be conducted openly.

9. Bidding at the Auction will be transcribed or videotaped.

10. The Sale is an integral part of the Plan and shall be considered in connection with confirmation of the Plan at the Confirmation Hearing, which hearing shall be at a date and time to be determined by the Court in connection with the hearing on the Disclosure

Statement and which hearing shall be notice as set forth in any order approving the Disclosure Statement.

11. On or before five (5) business days after entry of this Bid Procedures Order, the Debtors will cause this Order and the Notice of Auction and Sale to be served by first class mail, postage prepaid, or other method reasonably calculated to provide notice of the Sale and the Auction, upon: (a) the U.S. Trustee; (b) counsel for the Creditors' Committee; (c) counsel to the agent for the prepetition secured lenders; (d) counsel for the Ad Hoc Senior Noteholders Committee and the DIP Lenders; (e) those parties that have requested notice pursuant to Bankruptcy Rule 2002; (f) all entities known by the Debtors to have asserted any lien, claim, interest or encumbrance in or on the Purchased Assets; (g) the non-Debtor counterparties to the Executory Contracts and Unexpired Leases; (h) the Attorneys General in the State where the Purchased Assets are located; (i) the United States Environmental Protection Agency; (j) any applicable state environmental agency; and (k) all persons who have expressed an interest in acquiring some or all of the Purchased Assets within the last six (6) months. In addition, the Debtors will serve the Notice of Auction and Sale as part of the solicitation package sent to parties entitled to vote on the Plan. The Debtors shall also, subject to applicable submission deadlines, publish the Notice of Auction and Sale once in one or more publications the Debtors deem appropriate, including but not limited to <u>The New York Times</u> (national edition). The foregoing methods of such service shall constitute good and sufficient notice of the Sale of the Purchased Assets, this Order, the Auction, and all proceedings to be held thereon (other than the Disclosure Statement and Confirmation Hearing; notice thereof shall be governed by separate order of the Court).

6
DB02:9340058.3                                                                                                                                                                    068401.1001

12. On or within five (5) business days after the entry of this Order, the Debtors shall serve a notice (the "Notice of Assumption and Assignment"), substantially in the form annexed hereto as Exhibit C, of potential assumption and assignment of the Executory Contracts and Unexpired Leases that are anticipated to be assumed and assigned to the Stalking Horse Bidder (the "Assigned Contracts") on the applicable non-Debtor counterparties. The Notice of Assumption and Assignment shall set forth the amount, if any, that the Debtors contend is the amount needed to cure any defaults and pecuniary losses with respect to such Assigned Contracts (the "Cure Costs"). To the extent a counterparty to an Executory Contract and Unexpired Lease does not receive an Assumption Notice and is not listed on the Schedule of Rejected Contracts (to be filed as part of the Plan Supplement), the Cure Cost for such executory contract or unexpired lease shall be $0.00. If the Debtors identify additional Executory Contracts and Unexpired Leases that might be assumed by the Debtors and assigned to the Stalking Horse Bidder, the Debtors will promptly send a supplemental notice of assumption and assignment (the "Supplemental Notice of Assumption and Assignment") to the applicable counterparties to such contract or lease.

13. Unless the non-Debtor party to an Executory Contract or Unexpired Lease files an objection (the "Cure Cost/Assignment Objection") to: (a) adequate assurance of future performance by the Purchaser, (b) its scheduled Cure Cost, and/or (c) to the proposed assumption, assignment and/or transfer of such Executory Contract or Unexpired Lease to the Purchaser by 5:00 p.m. (prevailing Eastern time) on the later of: (i) April 15, 2010 and (ii) eight (8) days after service of the Supplemental Notice of Assumption and Assignment (such later date, "Cure Cost/Assignment Objection Deadline") and serves a copy of the Cure Cost/Assignment Objection so as to be received no later than the Cure Cost/Assignment

Objection Deadline on the same day by: (i) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019-6099 (Attn: Paul V. Shalhoub, Esq. and Robin Spigel, Esq.), co-counsel to the Debtors; (ii) Young Conaway Stargatt & Taylor, LLP, The Brandywine Building, 1000 West Street, 17th Floor, Wilmington, Delaware 19801 (Attn: Robert S. Brady, Esq. and Matthew B. Lunn, Esq.), co-counsel to the Debtors; (iii) the Office of the United States Trustee, 844 King Street, Suite 2207, Wilmington, Delaware 19801 (Attn: Jane Leamy, Esq.); (iv) Otterbourg, Steindler, Houston & Rosen, P.C., 230 Park Avenue, New York, New York 10169 (Attn: Jenette A. Barrow-Bosshart, Esq. and Jessica M. Ward, Esq.), co-counsel to the Committee; (v) Pepper Hamilton LLP, Hercules Plaza, Suite 5100, 1313 Market Street, Wilmington, Delaware 19899 (Attn: Henry J. Jaffe, Esq. and John H. Schanne II, Esq.), co-counsel to the Creditors' Committee; (vi) Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, New York 10038 (Attn: Kristopher M. Hansen, Esq. and Jayme T. Goldstein, Esq.), co-counsel to the Stalking Horse Bidder, the Ad Hoc Senior Noteholders Committee and the DIP Lenders (as defined below); and (vii) Richards Layton & Finger, One Rodney Square, 920 North King Street, Wilmington, Delaware 19801 (Attn: Daniel J. DeFranceschi, Esq.), co-counsel to the Stalking Horse Bidder, the Ad Hoc Senior Noteholders Committee and the DIP Lenders (collectively, the "Notice Parties"), then such non-Debtor counterparty shall: (a) be forever barred, estopped and enjoined from (i) disputing the Cure Cost relating to any Executory Contract or Unexpired Lease set forth on the Notice of Assumption or Assignment or, if no Notice of Assumption or Assignment is received and such Executory Contract or Unexpired Lease is not listed on the Schedule of Rejected Contracts and Leases, as $0.00; and (b) be deemed to have consented to the assumption and assignment of such Executory Contract or Unexpired Lease and shall be forever barred and estopped from asserting or claiming against the

8

DB02:9340058.3 068401.1001

Debtors, the Purchaser or any other assignee of the relevant Executory Contract or Unexpired Lease that any additional amounts are due or defaults exist, or conditions to assumption and assignment of such Executory Contract or Unexpired Lease must be satisfied (pursuant to Section 365(b)(1) of the Bankruptcy Code or otherwise).

14. If a non-Debtor counterparty to an Executory Contract or Unexpired Lease challenges a Cure Cost (a "Cure Dispute") pursuant to a Cure Cost/Assignment Objection, such objection shall be required to specify the Cure Cost proposed by the counterparty to the applicable Executory Contract or Unexpired Lease. To the extent a Cure Dispute relates solely to a Cure Cost, the Debtors shall be entitled to assume and assign the applicable Executory Contract or Unexpired Lease prior to the resolution of the Cure Dispute provided that the Purchaser establishes a reserve containing cash in an amount sufficient to pay the full amount asserted as cure payment by the non-Debtor party to such Executory Contract or Unexpired Lease (or such smaller amount as may be fixed or estimated by the Bankruptcy Court). To the extent the Cure Dispute is resolved or determined unfavorably to the applicable Debtor, the Debtors may, subject to the terms of the agreement with the Successful Bidder, reject the applicable Executory Contract or Unexpired Lease after such determination.

15. The Debtors, the Stalking Horse Bidder or the other Successful Bidder, as the case may be, may amend the Schedule of Rejected Contracts and Leases to add any executory contract or unexpired lease listed therein (thereby providing for the rejection of such executory contract or lease) or to delete any executory contract or unexpired lease listed therein (thereby providing for its assumption and assignment) no later than the tenth (10th) business day prior to the Confirmation Hearing (or such later date as is set forth in the Stalking Horse Agreement or such other asset purchase agreement that the Debtors may execute in connection

with the Successful Bid). The Debtors shall notify any non-Debtor party or parties to any such added or deleted Executory Contract or Unexpired Lease of such addition or deletion by written notice mailed within two (2) business days of such determination.

16. In the event that the Stalking Horse Bidder is not the Successful Bidder for the Purchased Assets, within one (1) business day after the conclusion of the Auction for the Purchased Assets, the Debtors will serve a notice identifying the Successful Bidder to the non-Debtor counterparties to the Executory Contracts and Unexpired Leases that have been identified in such successful bid. In such event, the non-Debtor counterparties to the Executory Contracts and Unexpired Leases shall have until 10:00 a.m. (prevailing Eastern Time) on the date of the Confirmation Hearing (unless the Confirmation Hearing is adjourned to a date that is at least six (6) days after the originally scheduled date of the Confirmation Hearing, in which case such non-Debtor counterparties shall have until 4:00 p.m. (prevailing Eastern Time) on the date that is three (3) business days prior to the Confirmation Hearing) (the "Adequate Assurance Objection Deadline"), to file and serve on the Notice Parties any objection to the assumption, assignment and/or transfer of such Executory Contract and Unexpired Lease solely based on the issue of whether the Successful Bidder can provide adequate assurance of future performance as required by section 365 of the Bankruptcy Code.

17. The Notice of Assumption and Assignment to be issued in connection with the proposed sale of the Purchased Assets, substantially in the form annexed hereto as Exhibit C, is approved.

18. In the event that (a) the Stalking Horse Bidder is not the Successful Bidder for the Purchased Assets, and (b) (i) the Debtors propose to provide General Electric Capital Corporation ("GE Capital") with something other than payment in full on its secured claims

against the Debtors arising from, *inter alia*, that certain Loan Agreement dated December 1, 2009, or the indubitable equivalent of those secured claims, or (ii) any Successful Bidder proposes to purchase less than all the assets which constitute collateral for GE Capital's secured claims (the "GE Capital Collateral"), GE Capital shall have the right to submit a credit bid for the GE Capital Collateral, so long as that credit bid is submitted in advance of any hearing to confirm the sale of the Purchased Assets, or any portion thereof.

19. Nothing herein shall be deemed or construed to be a waiver of the Stalking Horse Bidder's right to seek an order of the Bankruptcy Court approving payment by the Debtors of the Bid Protections or the Expense Amount.

20. The proposed assumption and assignment of the Assigned Contracts and the Auction shall be conducted solely in accordance with the provisions of this Order, the Bid Procedures and the Assignment and Assumption Procedures, as applicable.

21. Except as otherwise provided herein and in the Bid Procedures, Local Rule 6004-1(c)(ii) is waived.

22. Prior to mailing the Notices of Assumption and Assignment, any Supplemental Notices of Assumption of Assignment or the Notice of Auction and Sale, the Debtors may fill in any missing dates and other information, correct any typographical errors, conform the provisions thereof to the provisions of this Order and make such other non-material, non-substantive changes as they deem necessary or appropriate.

23. Any conflict between the terms and provisions of this Order and the APA (as defined in the Plan), shall be resolved in favor of this Order.

24. The Debtors hereby are authorized and empowered to take such steps and expend such funds as are necessary to implement the terms of this Order.

25. This Court shall retain jurisdiction over all matters related to or arising from the Motion or the interpretation or implementation of this Order.

Dated: March 26, 2010
Wilmington, Delaware

THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE