# Exhibit 3

**Disclosure Statement Order (without exhibits)**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------x
In re                                    :    Chapter 11
                                         :
RathGibson, Inc., et al.,[1]             :    Case No. 09-12452 (CSS)
                                         :    Jointly Administered
             Debtors.                    :
                                         :    Re: Docket No. 572
                                         :
---------------------------------------------------------x

**ORDER: (I)(A) APPROVING DISCLOSURE STATEMENT; (B) APPROVING NOTICE AND OBJECTION PROCEDURES FOR DISCLOSURE STATEMENT; (C) ESTABLISHING PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT PLAN; AND (D) ESTABLISHING DEADLINE AND PROCEDURES FOR FILING OBJECTIONS TO PLAN AND SALE; AND (II) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (the "Debtors"), for the entry of an order, pursuant to sections 105, 363, 1125 and 1126 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 3016, 3017 and 3020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 3017-7(a) and 3017-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"): (i) (a) approving the *Disclosure Statement for Third Amended Joint Chapter 11 Plan for RathGibson, Inc., et al.* (including all exhibits thereto and as amended, modified or supplemented from time to time, the "Disclosure Statement"); (b) approving notice and objection procedures in connection with the Disclosure Statement; (c) establishing procedures for solicitation and

---

[1]  The last four digits of the taxpayer identification numbers of the Debtors follow in parentheses: (i) Greenville Tube Company (2689); (ii) RathGibson, Inc. (3283); (iii) RG Tube Holdings LLC (4080); and (iv) RGCH Holdings Corp. (9683). The Debtors' executive headquarters' address is 475 Half Day Road, Suite 210, Lincolnshire, Illinois 60069.

[2]  Capitalized terms not otherwise defined herein have the meanings ascribed to such terms in the Motion.

tabulation of votes to accept or reject the *Third Amended Joint Chapter 11 Plan for RathGibson, Inc., et al.* (including all exhibits thereto and as the same may be further amended, modified or supplemented from time to time, the "Plan"), including: (i) scheduling the hearing on the confirmation of the Plan, including approval of the Sale of the Purchased Assets, free and clear of all liens, claims, interests, charges or other encumbrances (other than permitted encumbrances) (the "Confirmation Hearing"), (ii) approval of the form and manner of the Solicitation Package, (iii) establishing the Voting Record Date and the approval of procedures for distribution of the Solicitation Packages to holders of Claims and Interests, (iv) approving the forms of ballots, (v) establishing the deadline by which claimants must submit Ballots, and (vi) approving the proposed procedures for vote tabulation; and (d) establishing the deadline and procedures for filing objections to confirmation of the Plan and approval of the Sale; and upon the Objection of GE Capital Franchise Finance Corporation to the Debtors Disclosure Statement and Plan;

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A. Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when applicable. See Bankruptcy Rule 7052.

B. The Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334. The relief requested in the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

C. Due and proper notice of the Motion and the relief sought therein has been given under the circumstances, such notice complied with all applicable requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules, and no other or further notice is

required except as set forth herein with respect to the Auction and Confirmation Hearing. A reasonable opportunity to object or be heard regarding the relief provided herein has been afforded to parties-in-interest.

D.  The Ballots, including the Master Ballots, attached hereto as <u>Exhibit D</u> are consistent with Official Form No. 14, adequately address the particular needs of these cases, and are appropriate for each Class of Claims and Interests entitled to vote to accept or reject the Plan.

E.  Ballots need not be provided to holders of unimpaired Claims in Class 1 (Priority Non-Tax Claims), Class 2 (Other Secured Claims), and Class 3(a) (Prepetition Secured Credit Agreement Claims), because the holders of such Claims are conclusively deemed to have accepted the Plan.

F.  Ballots need not be provided to holders of impaired Interests in Class 3(c) (Existing Rath Interests), Class 4(c) (Existing Greenville Interests), or Class 5(c) (Existing RGCH Interests), because the Plan provides that the holders of such Interests, as Debtors and Plan proponents, have consented to their treatment under the Plan, and thus, are deemed to have accepted the Plan.

G.  The voting instructions and procedures attached to the Ballots and Master Ballots provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code and the applicable Bankruptcy Rules.

H.  The procedures associated with the Ballots with respect to a party's right to voluntarily grant the releases contained in Section 12.6 of the Plan and the related injunction are fair and reasonable.

I.  In accordance with Bankruptcy Rule 3017(c), the procedures set forth in the Motion for transmitting Solicitation Packages to holders of Claims and Interests, including Beneficial Owners (defined below) of loans and securities of the Debtors, are adequate under the circumstances for creditors to make an informed decision to accept or reject the Plan.

J.  The contents of the Solicitation Packages and Non-Voting Creditor Notice, as set forth in the Motion, comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties including, without limitation, holders of Claims against and Interests in the Debtors.

K.  The combination of direct and publication notice of the Plan and Confirmation Hearing, as set forth in the Motion, satisfies the requirements of due process with respect to all known and unknown creditors of the Debtors.

**NOW THEREFORE, IT IS HEREBY ORDERED THAT:**

1.  The Motion is GRANTED as set forth herein.

2.  All objections filed in response to the Motion are resolved as set forth herein and to the extent not resolved, are hereby overruled.

3.  The Disclosure Statement is approved as containing adequate information within the meaning of section 1125 of the Bankruptcy Code.

4.  Except as provided in paragraph 5 below and other than with respect to holders of Class 5(a) Claims, the Debtors shall mail or caused to be mailed to holders of Claims against and Interests in each of the Debtors entitled to vote on the Plan on or before five business days from the date of entry of this Order, a Solicitation Package containing: (i) the Confirmation Hearing Notice, substantially in the form annexed hereto as <u>Exhibit A</u>, which shall detail: (a) the Court's approval of the Disclosure Statement, (b) the Voting Deadline, (c) the date, time and

location of the Confirmation Hearing, and (d) the Confirmation Objection Deadline (defined below); (ii) a copy of the Plan and the Disclosure Statement in .pdf format on a CD-ROM; (iii) the appropriate Ballot and a return envelope; (iv) a copy of the letter from the Creditors' Committee indicating its support of the Plan; and (v) such other information as the Court may direct or approve. With respect to Class 5(a), the Debtors shall cause a Solicitation Package in PDF format containing the items set forth in (i) through (v) in the immediately preceding sentence to be delivered to the RGCH PIK Notes Agent no later than April 9, 2010, and the RGCH PIK Notes Agent shall post the Solicitation Package no later than April 13, 2010 on the IntraLinks website accessible to all holders of RGCH PIK Notes Claims. The Debtors also shall cause a Solicitation Package to be mailed to counsel for the Ad Hoc RGCH PIK Noteholders Committee. The Debtors shall also cause the notice of the Confirmation Hearing, substantially in the form attached hereto as Exhibit B, to be published, subject to applicable submission deadlines, once in one or more publications the Debtors deem appropriate, including but not limited to The New York Times (national edition). The Solicitation Package and the manner of service of the Solicitation Package satisfies the requirements of Bankruptcy Rule 3017(d).

5. Pursuant to Bankruptcy Rule 3017(d), the Debtors are not required to transmit a Solicitation Package to the Unimpaired Creditors. The Debtors shall mail or cause to be mailed to each Unimpaired Creditor, by April 13, 2010, a Non-Voting Creditor Notice, substantially in the form attached hereto as Exhibit C.

6. Notwithstanding anything contained herein to the contrary, GE Capital Franchise Finance Corporation ("GE Capital") shall be permitted to vote on the Plan and the Debtors shall mail or caused to be mailed to GE Capital on or before five business days from the date of entry of this Order, a Solicitation Package containing: (i) the Confirmation Hearing

DB02:9466990.2 068401.1001

Notice, substantially in the form annexed hereto as Exhibit A, which shall detail: (a) the Court's approval of the Disclosure Statement, (b) the Voting Deadline, (c) the date, time and location of the Confirmation Hearing, and (d) the Confirmation Objection Deadline (defined below); (ii) a copy of the Plan and the Disclosure Statement in .pdf format on a CD-ROM; (iii) the appropriate Ballot and a return envelope; (iv) a copy of the letter from the Creditors' Committee indicating its support of the Plan; and (v) such other information as the Court may direct or approve. Nothing herein shall be deemed or construed as a waiver of the Debtors' or any other party in interest's rights with respect to whether GE Capital's class or Claim is impaired or unimpaired under the Plan. GE Capital's right to object to confirmation on the bases set forth in the GE Objection or any other basis that may arise after the date hereof are reserved.

7. With respect to Solicitation Packages to be distributed to holders of Claims and Interests entitled to vote on the Plan in Class 3(b) (solely with respect to those holders of 11.25% senior notes issued by RathGibson only (the "Senior Notes")), and Class 4(a) (solely with respect to those holders of guaranty Claims arising under the Senior Notes), the Debtors shall distribute or cause to be distributed Solicitation Packages, including Ballots, to record holders of such Claims and Interests, including, without limitation, their representatives (*e.g.*, indenture trustees, brokers, banks, commercial banks, transfer agents, trust companies, dealers, or other agents or nominees) (collectively, the "Voting Nominees" or the "Intermediaries"). Each Voting Nominee shall be entitled to receive reasonably sufficient numbers of Solicitation Packages, including a Master Ballot and sufficient beneficial ballots (the "Beneficial Ballots"), to distribute to the beneficial owners of the Claims for whom such Voting Nominee acts (collectively, the "Beneficial Owners"). Each Voting Nominee shall forward the Solicitation Package to each Beneficial Owner of Voting Securities for voting and include a

6
DB02:9466990.2                                                                                                                                                                                                                                                                                                                                                                                        068401.1001

return envelope provided by and addressed to the Voting Nominee. Upon written request, the Debtors shall reimburse each Voting Nominee's reasonable, actual, documented and necessary out-of-pocket expenses associated with the distribution of the Solicitation Packages to the Beneficial Owners of such Claims and the tabulation of the Ballots.

8. The Debtors are authorized to distribute or cause to be distributed Master Ballots to the Voting Nominees in Classes 3(b) and 4(a) in accordance with customary procedures.

9. Each Voting Nominee shall: (i) return such results in a Master Ballot prior to the Voting Deadline; and (ii) retain the copies of the underlying Ballots received from the Beneficial Owners for inspection for a period of one year following the Voting Deadline.

10. Beneficial Owners are required to return their Beneficial Ballots to the Voting Nominee, in a return envelope which shall be provided by and addressed to the Voting Nominee, so that it is received no later than three (3) business days prior to the Voting Deadline, or such other deadline as may be established by the Voting Nominee.

11. April 7, 2010 is established as the Voting Record Date (the "Voting Record Date") for purposes of determining the Claim and Interest holders of the Debtors entitled to receive the Solicitation Package or the Non-Voting Creditor Notice and to vote on the Plan, provided, however, that with respect to transfers of Claims filed pursuant to Bankruptcy Rule 3001, the holder of a Claim as of the Voting Record Date shall be the transferor of such Claim unless the documentation evidencing such transfer was docketed by the Bankruptcy Court on or before twenty-one (21) days prior to the Voting Record Date and no timely objection with respect to such transfer was filed by the transferor.

12. The Garden City Group, Inc. ("GCG" or the "Solicitation Agent," the "Tabulation Agent" or the "Balloting Agent") shall tabulate the ballots and certify to the Court the results of the balloting.

13. The Debtors are permitted to dispense with the mailing of Solicitation Packages or Non-Voting Creditor Notice to addresses and entities to which the notice of the Disclosure Statement hearing was returned by the United States Postal Service as undeliverable, unless the Debtors are provided with an accurate address.

14. The Ballots, including the Master Ballots, substantially in the form attached hereto as Exhibit D, are approved.

15. All Ballots and Master Ballots must be properly executed, completed and delivered to the Balloting Agent by first class mail in the return envelope provided with the Ballots to: RGI Bankruptcy Administration, c/o The Garden City Group, Inc., P.O. Box 9396, Dublin, Ohio 43017; or by overnight or hand delivery, or courier to: RGI Bankruptcy Administration, c/o The Garden City Group, Inc., 5151 Blazer Parkway, Suite A, Dublin, Ohio 43017, so that the Ballots and Master Ballots are received on or before May 11, 2010 at 4:00 p.m. (prevailing Eastern Time) (the "Voting Deadline"). Ballots and Master Ballots cast by facsimile, email or other electronic transmission will not be counted unless approved in advance by the Debtors in writing.

16. The Debtors are authorized to extend the Voting Deadline for one or more creditors and/or interest holders or Class(es) of Claims and/or Interests.

17. For purposes of voting on the Plan, with respect to all holders of Claims against or Interests in the Debtors, the amount of a Claim or Interest used to tabulate acceptance or rejection of the Plan shall be, as applicable:

a. The Claim amount listed in the Debtors' Schedules, provided that: (i) such Claim is not scheduled as contingent, unliquidated, undetermined or disputed, and (ii) no proof of Claim has been timely filed (or otherwise deemed timely filed by the Court under applicable law);

b. The noncontingent and liquidated amount specified in a proof of Claim timely filed with the Court or GCG (or otherwise deemed timely filed by the Court under applicable law) to the extent the proof of Claim is not the subject of an objection filed no later than five (5) business days prior to the Voting Deadline (or, if such Claim has been resolved pursuant to a stipulation or order entered by the Court, or otherwise resolved by the Court, the amount set forth in such stipulation or order);

c. The amount of such Claim temporarily allowed by the Court for voting purposes, pursuant to Bankruptcy Rule 3018(a), provided that a motion is brought, notice is provided and a hearing is held prior to the Confirmation Hearing, in accordance with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules;

d. Except as otherwise provided in subsection (c) hereof, with respect to ballots cast by alleged creditors whose Claims (i) are not listed on the Debtors' schedule of liabilities or (ii) are listed as disputed, contingent and/or unliquidated on the Debtors' schedule of liabilities, but who have timely filed proofs of Claim in unliquidated or unknown amounts that are not the subject of an objection filed before the commencement of the Confirmation Hearing, such ballots shall be counted in determining whether the numerosity requirement of section 1126(c) of the Bankruptcy Code has been met, but shall not be counted in determining whether the aggregate Claim amount requirement has been met; or

e. The number of units held by an Interest holder as set forth in the Debtors' books and records.

18. The Debtors may object to any Claim or Interest solely for Plan voting purposes by filing with the Court a determination motion (the "<u>Determination Motion</u>") no later than five (5) business days prior to the Voting Deadline. Responses, if any, to the Determination Motion shall be filed no later than five (5) business days prior to the hearing on the Determination Motion. The Court will conduct a hearing on any Determination Motion at the
9

DB02:9466990.2  068401.1001

Confirmation Hearing or such earlier time as may be scheduled by the Court. If a Determination Motion is filed, the ruling by the Court on the Determination Motion shall be considered a ruling with respect to the allowance of the Claim(s) or Interest(s) under Bankruptcy Rule 3018 and such Claim(s) or Interest(s) shall be counted, for voting purposes only, in the amount determined by the Court. The filing of a Determination Motion or a ruling by the Court thereon shall not affect the right or ability of Debtors, upon the Effective Date, to later object to such Claim(s) for any other purposes, including distribution under the Plan.

19. If an objection to a Claim requests that such Claim be reclassified and/or allowed in a fixed, reduced amount, such claimant's ballot shall be counted in such reduced amount and/or as the reclassified category, unless such claimant files an Estimation Motion (as defined below) in accordance with the provisions of this Order.

20. If a creditor casts a ballot and has timely filed a proof of Claim (or has otherwise had a proof of Claim deemed timely filed by the Court under applicable law), but the creditor's Claim is the subject of an objection filed no later than five (5) business days before Voting Deadline, the creditor's ballot shall not be counted, unless such Claim or Interest is temporarily allowed by the Court for voting purposes, pursuant to Bankruptcy Rule 3018(a), after an Estimation Motion (as defined below) is brought by such creditor, notice is provided and a hearing is held prior to the Confirmation Hearing. Notwithstanding the foregoing, if an objection to a Claim requests that such Claim be reclassified and/or allowed in a fixed, reduced amount, such creditor's ballot shall be counted in such reduced amount and/or as the reclassified category.

21. Creditors or Interest holders seeking to have a Claim or Interest temporarily allowed for purposes of voting to accept or reject the Plan pursuant to Bankruptcy

Rule 3018(a) must file a motion (the "Estimation Motion") for such relief no later than on or before May 4, 2010. The Court will schedule a hearing on such motion for a date prior to the Confirmation Hearing.

22. The following voting procedures and standard assumptions shall be used in tabulating the Ballots:

a. For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single creditor in a particular class shall be aggregated as if such creditor held one Claim against the Debtors in such class, and the votes related to such Claims will be treated as a single vote to accept or reject the Plan.

b. Creditors must vote all of their Claims or Interests within a particular Class either to accept or reject the Plan and may not split their vote. Accordingly, an individual ballot or multiple ballots with respect to multiple Claims or multiple Interests within a single Class (as opposed to the Master Ballot) that partially rejects and partially accepts the Plan will not be counted.

c. Ballots that fail to indicate an acceptance or rejection of the Plan or that indicate both acceptance and rejection of the Plan, but which are otherwise properly executed and received prior to the Voting Deadline, will not be counted.

d. Only ballots that are timely received with signatures will be counted. Unsigned ballots will not be counted.

e. Ballots postmarked prior to the Voting Deadline, but received after the Voting Deadline, will not be counted.

f. Ballots which are illegible, or contain insufficient information to permit the identification of the creditor or Interest holder, will not be counted.

g. Whenever a creditor or Interest holder casts more than one ballot voting the same Claim or Interest, as applicable, prior to the Voting Deadline, the last valid ballot received prior to the Voting Deadline shall be deemed to reflect the voter's intent and supersede any prior ballots.

h. If a creditor or Interest holder simultaneously casts inconsistent duplicate ballots with respect to the same Claim or Interest, as applicable, such ballots shall not be counted.

11

068401.1001

i. Each creditor shall be deemed to have voted the full amount of its Claim.

j. Unless otherwise ordered by the Court, questions as to the validity, form, eligibility (including time of receipt), acceptance, and revocation or withdrawal of ballots shall be determined by the Balloting Agent and the Debtors, which determination shall be final and binding.

k. If no creditor or Interest holder in a particular class or classes entitled to vote to accept or reject the Plan votes either to accept or reject the Plan, such class or classes shall be deemed to have accepted the Plan.

23. In the event any class of Claims or Interests does not have a holder of an Allowed Claim or Allowed Interest or a Claim or Interest temporarily Allowed by the Bankruptcy Court as of the date of the Confirmation Hearing, such class or classes will be deemed eliminated from the Plan for purposes of voting to accept or reject the Plan and for purposes of determining acceptance or rejection of the Plan by such class pursuant to section 1129(a)(8) of the Bankruptcy Code.

24. With respect to tabulation of the Master Ballots and Beneficial Ballots cast by Voting Nominees and Beneficial Owners, the amount that will be used to tabulate acceptance or rejection of the Plan will be the principal amount held by such Voting Nominees and Beneficial Owners as of the Voting Record Date.

25. The following additional rules apply to the tabulation of Master Ballots and Beneficial Ballots cast by Voting Nominees and Beneficial Owners:

a. Votes cast by Beneficial Owners through a Voting Nominee will be applied against the positions held by such entities in the applicable security or loan as of the Voting Record Date, as evidenced by the record and, if applicable, depository listings. Votes submitted by a Voting Nominee, pursuant to the Master Ballots, will not be counted in excess of the Record Amount of such loans or other securities held by such Voting Nominee.

b. To the extent that conflicting votes or "overvotes" are submitted by a Voting Nominee, the Balloting Agent, in good faith, will attempt to reconcile discrepancies with the Voting Nominees.

12

c. To the extent that overvotes on a Master Ballot are not reconcilable prior to the preparation of the vote certification, the Balloting Agent will apply the votes to accept and to reject the Plan in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballots that contained the overvote, but only to the extent of the Voting Nominee's position in the applicable loan or security.

d. Where a Beneficial Owner holds its Class 3(b) (solely with respect to the Senior Notes only) or 4(a) (solely with respect to those holders of guaranty Claims arising under the Senior Notes) securities through more than one Voting Nominee, it must execute a separate Class 3(b) or Class 4(a) Ballot, respectively, for each block of securities. However, such holder must vote all of its claims in each Class in the same manner, to either accept or reject the Plan. Accordingly, if such holder returns more than one Ballot to more than one Voting Nominee voting different claims within each Class under the Plan and the Ballots are not voted in the same manner, as reflected on such separate Master Ballots, such votes will not be counted.

26. With respect to tabulation of Ballots cast by holders of Claims in Class 5(a), the amount that will be used to tabulate acceptance or rejection of the Plan will be the principal amount held by the applicable holder of such Class 5(a) Claim as set forth in the register of the RGCH PIK Notes Agent as of the Voting Record Date.

27. With respect to Interest holders in Class 6(b) (RG Tube Interests), the amount that will be used to tabulate acceptance or rejection of the Plan will be the number of units held by such Interest holders as set forth in the Debtors books and records as of the Voting Record Date.

28. Each individual holder of Claims or Interests, as applicable, in Class 3(b), Class 4(a), Class 5(a), Class 5(b), Class 6(a) and Class 6(b) shall be entitled to only one vote with respect to the holder's Claims and Interests. In addition, each Voting Nominee shall only submit a single Master Ballot reflecting votes to accept or reject the Plan.

DB02:9466990.2  068401.1001

29. Any objection, comment or response to confirmation of the Plan, *including approval of the Sale*, together with any supporting memoranda, must be in writing, served on the parties identified below, and filed with the Court, together with proof of service, such that the foregoing are received by such parties and the Court on or before May 11, 2010 at 4:00 p.m. (prevailing Eastern Time). The Court shall consider only timely filed written objections. All objections not timely filed and served in accordance with the provisions of this Order are hereby deemed waived. Objections to confirmation of the Plan, including approval of the Sale, shall provide proposed language to remedy such objections and shall be served on the following parties: (i) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019-6099 (Attn: Paul V. Shalhoub, Esq. and Robin Spigel, Esq.), co-counsel to the Debtors; (ii) Young Conaway Stargatt & Taylor, LLP, The Brandywine Building, 1000 West Street, 17th Floor, Wilmington, Delaware 19801 (Attn: Robert S. Brady, Esq. and Matthew B. Lunn, Esq.), co-counsel to the Debtors; (iii) the Office of the United States Trustee, 844 King Street, Suite 2207, Wilmington, Delaware 19801 (Attn: Jane Leamy, Esq.); (iv) Otterbourg, Steindler, Houston & Rosen, P.C., 230 Park Avenue, New York, New York 10169 (Attn: Jenette A. Barrow-Bosshart, Esq. and Jessica M. Ward, Esq.), co-counsel to the Creditors' Committee; (v) Pepper Hamilton LLP, Hercules Plaza, Suite 5100, 1313 Market Street, Wilmington, Delaware 19899 (Attn: Henry J. Jaffe, Esq. and John H. Schanne II, Esq.), co-counsel to the Committee; (vi) Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, New York 10038 (Attn: Kristopher M. Hansen, Esq. and Jayme T. Goldstein, Esq.), co-counsel to the Stalking Horse Bidder, the Ad Hoc Senior Noteholders Committee and the DIP Lenders; and (vii) Richards Layton & Finger, One Rodney Square, 920 North King Street, Wilmington,

Delaware 19801 (Attn: Daniel J. DeFranceschi, Esq.), co-counsel to the Stalking Horse Bidder, Ad Hoc Senior Noteholders Committee and the DIP Lenders.

30. The Debtors, the Creditors' Committee, and any other party supporting the Plan or the Sale shall be afforded an opportunity to file a response to any objection to confirmation of the Plan or the approval of the Sale, prior to the commencement of the Confirmation Hearing.

31. The Confirmation Hearing (to approve the confirmation of the Plan, including the approval of the Sale) shall be held before this Court on **May 21, 2010 at 1:00 p.m. (prevailing Eastern Time)** before the Honorable Christopher S. Sontchi at the United States Bankruptcy Court for the District of Delaware, 824 N. Market St., 5th Floor, Courtroom 6, Wilmington, Delaware 19801, or as soon thereafter as counsel can be heard.

32. The Confirmation Hearing may be adjourned from time to time without further notice other than adjournments announced in open Court or as indicated in any notice of agenda for matters scheduled for hearing filed with the Court.

33. Prior to mailing the Disclosure Statement, Solicitation Packages, or Non-Voting Creditor Notice, the Debtors may fill in any missing dates and other information, correct any typographical errors and make such other non-material, non-substantive changes as the Debtors deem appropriate.

34. Notwithstanding anything contained herein to the contrary, GE Capital Franchise Finance Corporation ("GE Capital") shall be permitted to vote on the Plan and the Debtors shall mail or caused to be mailed to GE Capital on or before five business days from the date of entry of this Order, a Solicitation Package containing: (i) the Confirmation Hearing Notice, substantially in the form annexed hereto as Exhibit A, which shall detail: (a) the Court's

approval of the Disclosure Statement, (b) the Voting Deadline, (c) the date, time and location of the Confirmation Hearing, and (d) the Confirmation Objection Deadline (defined below); (ii) a copy of the Plan and the Disclosure Statement in .pdf format on a CD-ROM; (iii) the appropriate Ballot and a return envelope; (iv) a copy of the letter from the Creditors' Committee indicating its support of the Plan; and (v) such other information as the Court may direct or approve. Nothing herein shall be deemed or construed as a waiver of the Debtors' or any other party in interest's rights with respect to whether GE Capital's class or Claim is impaired or unimpaired under the Plan. GE Capital's right to object to confirmation on the bases set forth in the GE Objection or any other basis that may arise after the date hereof are reserved.

35. The Debtors hereby are authorized and empowered to take such steps and expend such funds as are necessary to implement the terms of this Order.

36. This Court shall retain jurisdiction over all matters related to or arising from the Motion or the interpretation or implementation of this Order.

Dated: April __, 2010
Wilmington, Delaware

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

DB02:9466990.2    068401.1001