IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------x
In re                                  :   Chapter 11
                                       :
RathGibson, Inc., et al.,[1]           :   Case No. 09-12452 (CSS)
                                       :
            Debtors.                   :   Jointly Administered
---------------------------------------------------------x

## DECLARATION OF JOHN E. FOLEY IN SUPPORT OF: (A) CONFIRMATION OF MODIFIED THIRD AMENDED JOINT CHAPTER 11 PLAN FOR RATHGIBSON, INC., ET AL., PROVIDING FOR THE (1) SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS AND (2) ASSUMPTION, ASSIGNMENT AND/OR TRANSFER OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (B) ADEQUATE ASSURANCE OF FUTURE PERFORMANCE TO COUNTERPARTIES TO ASSIGNED CONTRACTS

John E. Foley, being duly sworn, declares that the following is true and correct to the best of my knowledge, information and belief:

1. I am an authorized agent of RathGibson Acquisition Co., LLC (the "Purchaser"). I submit this declaration in support of the confirmation of the *Third Amended Joint Chapter 11 Plan for RathGibson, Inc., et al.*, dated April 7, 2010 (including all exhibits, schedules, appendices and supplements thereto, and as amended, supplemented or otherwise modified from time to time, the "Plan"), which provides for, among other things, the Sale[2], and the assumption by the Debtors and assignment and/or transfer to the Purchaser of certain

---

[1] The last four digits of the taxpayer identification numbers of the Debtors follow in parentheses: (i) Greenville Tube Company (2689); (ii) RathGibson, Inc. (3283); (iii) RG Tube Holdings LLC (4080); and (iv) RGCH Holdings Corp. (9683). The Debtors' executive headquarters' address is 475 Half Day Road, Suite 210, Lincolnshire, Illinois 60069.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan or the APA, as applicable.

executory contracts and unexpired leases (collectively, the "Assigned Contracts") pursuant to that certain Asset Purchase Agreement dated as of March 8, 2010 (as has been or may be amended, supplemented or otherwise modified from time to time, the "APA") between the Purchaser and the Debtors. Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge, my review of relevant documents, or my opinion based upon my experience, knowledge, and information concerning the Purchaser's operational and financial affairs.

2. The Purchaser is a Delaware limited liability company, the members of which consist of certain funds under common management with certain holders of the Debtors' Senior Notes. The private equity firms and investment management firms that hold equity interests in the Purchaser are sophisticated investors that specialize in high-yield and distressed investments.

3. Upon closing of the Sale, the Purchaser believes it will have the financial wherewithal and more than ample resources to timely perform any monetary or performance obligations it may assume through assignment of the Assigned Contracts. The Purchaser is acquiring the Purchased Assets, which includes approximately $21 million in cash currently held by the Debtors, for a purchase price of $93 million. The Purchaser previously deposited $7.5 million of the purchase price in escrow with US Bank National Association to be held and released to the Debtors at the Closing. The remaining $85.5 million of the purchase price (such amount subject to downward adjustment pursuant to the terms of the APA) will be paid by the Purchaser to the Debtors at the Closing, with such amount to come from a combination of (1) cash on hand, (2) new capital from the members of the Purchaser to be funded to the Purchaser

prior to the Closing and/or (3) a revolving loan and/or term loan working capital facility from a national bank. Further, the Purchaser is not assuming either the Senior Notes or the RGCH PIK Notes (which together aggregate approximately $362 million in unsecured debt that is presently an obligation of the Debtors), which are going to be cancelled, discharged and of no further force and effect pursuant to the Plan (and the settlements and compromises contained therein). As such, the debt load on the Purchaser immediately after the Effective Date will be substantially less than the debt of the Debtors immediately prior to the Effective Date. Consequently, upon the Closing Date, the Purchaser projects that it will have more than sufficient resources, liquidity and free cash flow to: (i) perform under the Assigned Contracts; (ii) comfortably run the business; and (iii) satisfy debts and obligations as they become due.

4. The Purchaser (through its ownership and management) has the requisite experience in performing under contracts such as the Assigned Contracts. Wayzata Investment Partners LLC ("Wayzata"), the manager of the members that hold a majority of the equity in the Purchaser, has acquired and turned around several other distressed businesses through bankruptcy acquisitions over the past two decades and presently operates several portfolio companies that it acquired through chapter 11 reorganizations and asset sales. Wayzata's professionals have dealt with contract assumption and cure issues in dozens of chapter 11 proceedings.

5. The assignment and/or transfer of the Assigned Contracts to the Purchaser is essential for the Purchaser to fully realize the benefits of the Purchased Assets and proceed with the Sale. The Purchaser, while not a successor to the Debtors, intends to continue the business operations of the Debtors as the substantially same company – albeit with a

NY 72768155v5

dramatically improved balance sheet. Without the Assigned Contracts, the Purchaser would be unable to adequately continue the Debtors' business and would fail to appreciate the economic benefits of its bargain.

6. The aforementioned facts demonstrate the Purchaser's willingness and financial ability to satisfy its obligations under the Assigned Contracts.

7. The Purchaser is not an affiliate or insider of the Debtors and has at all times dealt at arm's length and in good faith with the Debtors.

I declare under penalty of perjury that the foregoing information is true and correct to the best of my knowledge, information and belief.

_____
JOHN E. FOLEY