IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>RG Liquidation, Inc.,<br>f/k/a RathGibson, Inc., et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 09-12452 (CSS)<br><br>Jointly Administered<br><br>Re: Docket No. 773 |

NOTICE OF: (I) ENTRY OF ORDER CONFIRMING
MODIFIED THIRD AMENDED JOINT CHAPTER 11 PLAN FOR
RATHGIBSON, INC., ET AL.; (II) OCCURRENCE OF EFFECTIVE
DATE; AND (III) DEADLINES FOR FILING ADMINISTRATIVE
EXPENSE CLAIMS, PREPETITION ORDINARY COURSE OF
BUSINESS TRADE CLAIMS, CLAIMS ARISING FROM REJECTION OF
EXECUTORY CONTRACTS OR UNEXPIRED LEASES, AND FEE CLAIMS

**PLEASE TAKE NOTICE THAT:**

1. Confirmation of the Plan. On May 21, 2010, the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") entered an order [Docket No. 773] (the "**Confirmation Order**") confirming the Modified Third Amended Joint Chapter 11 Plan for RathGibson, Inc., et al., dated May 19, 2010 (as confirmed, the "**Plan**").[2] To request a copy of the Confirmation Order or the Plan, you may (a) visit the website of the Debtors' noticing and claims agent, The Garden City Group, Inc. ("**GCG**" or the "**Claims Agent**"), http://www.rathrestructuring.com, (b) contact GCG by calling (888) 282-1244, or (c) visit the Bankruptcy Court's website: ecf.deb.uscourts.gov. In addition, copies of these documents are on file with the Clerk of the Bankruptcy Court, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801.

2. Effective Date. As of June 11, 2010, all of the conditions precedent to occurrence of the Effective Date of the Plan, as set forth in section 11.2 of the Plan, were either satisfied or waived. Accordingly, on June 11, 2010, the Effective Date occurred with respect to the Plan.

---

[1] The last four digits of the taxpayer identification numbers of the Debtors follow in parentheses: (i) RG Liquidation III, Inc. f/k/a Greenville Tube Company (2689); (ii) RG Liquidation, Inc. f/k/a RathGibson, Inc. (3283); (iii) RG Liquidation IV, LLC f/k/a RG Tube Holdings LLC (4080); and (iv) RG Liquidation II, Inc. f/k/a RGCH Holdings Corp. (9683). Prior to the consummation of the sale of substantially all of the Debtors' assets, the Debtors' executive headquarters' address was 475 Half Day Road, Suite 210, Lincolnshire, Illinois 60069. The Plan Administrator's address is c/o Amper Politziner & Mattia LLP, 101 West Avenue, P.O. Box 458, Jenkintown, PA 19046.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

3. Plan Administrator. Pursuant to paragraph 13 of the Confirmation Order, Edward A. Phillips, a partner at Amper, Politziner & Mattia LLP, was appointed as the Plan Administrator.

4. Bar Dates for Filing Various Types of Claims.

A. Administrative Expense Claims. Except as set forth in section 3.2 of the Plan,[3] all requests for payment of Administrative Expense Claims relating to the period **March 1, 2010 through June 11, 2010**, must be filed with the Court and served on the Debtors, the Plan Administrator, the Claims Agent and the Office of the United States Trustee so as to be received by **5:00 p.m. (prevailing Eastern time) on July 12, 2010. ANY REQUEST FOR PAYMENT OF AN ADMINISTRATIVE EXPENSE CLAIM (OTHER THAN AS SET FORTH IN SECTION 3.2 OF THE PLAN) THAT IS NOT TIMELY FILED AS SET FORTH IN THE IMMEDIATELY PRECEDING SENTENCE WILL BE FOREVER BARRED.**

B. Prepetition Ordinary Course of Business Trade Claims. Except as set forth in section 7.8 of the Plan,[4] any trade vendor, supplier, or other Person who asserts a Claim related to or arising from goods or services provided to the Debtors in the ordinary course of business (but excluding any claims related to or arising from litigation against the Debtors, litigation-related claims, severance claims, or rejection or termination of an agreement with the Debtors, each of which was required to file Claims as set forth in the Bar Date Order) ("**Prepetition Ordinary Course of Business Trade Claims**") arising **prior to July 13, 2009** must file with the Court and serve on the Debtors, the Claims Agent and the Office of the United States Trustee proof of such Prepetition Ordinary Course of Business Trade Claim **no later than July 12, 2010** (the

---

[3] Section 3.2 of the Plan provides that holders of the following Administrative Expense Claims need not file and serve a request for payment of such Administrative Expense Claims on or before July 12, 2010: (i) Fee Claims; (ii) Administrative Expense Claims that have been paid; (iii) Administrative Expense Claims that have been Allowed on or before the Effective Date; (iv) Administrative Expense Claims for expenses or liabilities incurred and payable in the ordinary course of business by a Debtor; (v) Administrative Expense Claims on account of fees and expenses incurred on or after the Petition Date by ordinary course professionals retained by the Debtors pursuant to an order of the Bankruptcy Court; (vi) Administrative Expense Claims arising, in the ordinary course of business, out of the employment by one or more Debtors of an individual from and after the Petition Date, but only to the extent that such Administrative Expense Claim is solely for outstanding wages, commissions, accrued benefits, or reimbursement of business expenses; (vii) an Ad Hoc Senior Noteholders Committee Fee Claim; (viii) a Senior Notes Indenture Trustee Claim; (ix) an RGCH PIK Notes Agent Claim; (x) an Ad Hoc RGCH PIK Noteholders Committee Fee Claim; and (xi) Administrative Expense Claims that are Assumed Liabilities.

[4] Section 7.8 of the Plan provides that the following Persons are not required to file a proof of a Prepetition Ordinary Course of Business Trade Claim on or before July 12, 2010: (i) any Person whose Prepetition Ordinary Course of Business Trade Claim has been paid as of such date; (ii) any Person whose Prepetition Ordinary Course of Business Trade Claim is an Assumed Liability; (iii) any Person that already has properly filed a proof of Claim against one or more of the Debtors on account of such Prepetition Ordinary Court of Business Trade Claim with either GCG or the Clerk of the Bankruptcy Court; and (iv) any Person: (a) whose Prepetition Ordinary Course of Business Trade Claim is listed in the applicable Debtors' Schedules of Assets and Liabilities (the "**Schedules**") filed with the Bankruptcy Court or any amendments thereto, and (b) whose Prepetition Ordinary Course of Business Trade Claim is not described therein as "disputed," "contingent," or "unliquidated," and (c) who does not dispute the amount or classification of its Prepetition Ordinary Course of Business Trade Claim as set forth in the Schedules.

"**Prepetition Ordinary Course of Business Trade Claims Bar Date**"). HOLDERS OF SUCH PREPETITION ORDINARY COURSE OF BUSINESS TRADE CLAIMS (WHICH PREPETITION ORDINARY COURSE OF BUSINESS TRADE CLAIMS ARE NOT OTHERWISE SATISFIED PRIOR TO THE PREPETITION ORDINARY COURSE TRADE CLAIMS BAR DATE) THAT FAIL TO TIMELY FILE A PROOF OF CLAIM SHALL NOT BE TREATED AS A CREDITOR OR A CLAIMANT WITH RESPECT TO SUCH CLAIM FOR PURPOSES OF DISTRIBUTION UNDER THE PLAN AND WILL BE BARRED FROM ASSERTING SUCH CLAIMS IN ANY MANNER AGAINST THE DEBTORS, THE ESTATES, THE PURCHASER, OR THE PLAN ADMINISTRATOR OR ANY OF THE FOREGOING PARTIES' ACCOUNTANTS, ADVISORS, AGENTS, ATTORNEYS, CONSULTANTS, DIRECTORS, EMPLOYEES, MEMBERS, OFFICERS, REPRESENTATIVES, OR PROFESSIONALS.

C. Rejection Damages Claims. All proofs of claim with respect to Claims arising from the rejection of any executory contract or unexpired lease under the Plan must, unless another order of the Court provides for an earlier date, be filed with the Court **on or before July 12, 2010.** THE HOLDER OF ANY CLAIM ASSERTED IN ANY SUCH PROOF OF CLAIM THAT IS NOT TIMELY FILED SHALL NOT BE TREATED AS A CREDITOR OR A CLAIMANT WITH RESPECT TO SUCH CLAIM FOR PURPOSES OF DISTRIBUTION UNDER THE PLAN AND HOLDERS OF SUCH CLAIMS WILL NOT BE ABLE TO ASSERT SUCH CLAIMS IN ANY MANNER AGAINST THE DEBTORS, THE ESTATES, THE PURCHASER, OR THE PLAN ADMINISTRATOR OR ANY OF THE FOREGOING PARTIES' ACCOUNTANTS, ADVISORS, AGENTS, ATTORNEYS, CONSULTANTS, DIRECTORS, EMPLOYEES, MEMBERS, OFFICERS, REPRESENTATIVES, OR PROFESSIONALS.

D. Fee Claims. All requests for payment or any other means of preserving and obtaining payment of a Fee Claim that arose prior to the Effective Date and that was not already paid, released, or otherwise settled, must be filed with the Court and served upon the Debtors, the Plan Administrator, the Claims Agent, the Creditors' Committee, and the Office of the United States Trustee, **no later than July 26, 2010,** or such extended date as the Court may allow. ANY REQUEST FOR PAYMENT OF A FEE CLAIM THAT IS NOT TIMELY FILED AS SET FORTH ABOVE WILL BE FOREVER BARRED, AND HOLDERS OF SUCH CLAIMS WILL NOT BE ABLE TO ASSERT SUCH CLAIMS IN ANY MANNER AGAINST THE DEBTORS, THE ESTATES, THE PURCHASER, OR THE PLAN ADMINISTRATOR. Objections to Fee Claims, if any, must be filed and served no later than **August 16, 2010.**

Dated: Wilmington, Delaware
June 14, 2010

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600

WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, New York 10019-6099
Telephone: (212) 728-8000
Facsimile: (212) 728-8111